EPHRAIM FRAZEE

*v.*

LEMUEL MILK *et al*.

TEXAS AND CHEROKEE CATTLE—*infection from those of different owners.* In an action to recover damages on account of disease alleged to have been communicated to the plaintiff's cattle by Texas and Cherokee cattle belonging to the defendant, and brought into this State in violation of the act of 1867 on that subject, if there be evidence tending to show that plaintiff's cattle were exposed to two lots of Texas and Cherokee cattle, one belonging to the defendant and the other to a third person, it would be improper to instruct the jury that if both lots contributed to infect plaintiff's cattle, and they were not able to say that one lot was concerned in doing so more than the other, they must find for the defendant. An instruction on that subject should be given only on the hypothesis that the disease was communicated by the cattle of the one party solely, and not by the cattle of both.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

The opinion states the case.

Mr. URIAH COPP, Jr., and Mr. R. G. INGERSOLL, for appellant.

Mr. H. LORING and Mr. T. P. BONFIELD, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action by the appellant against the appellees to recover damages on account of disease alleged to have been communicated to appellant's cattle, of which they died, by Texas or Cherokee cattle belonging to appellees, under the act of 1867, making it unlawful for any one to bring into this State, or own, or have in possession, any Texas or Cherokee

436          FRAZEE *v.* MILK *et al.*          [Sept. T.,

Opinion of the Court.

cattle, and any person violating the provisions of the act liable to pay all damages accruing to any one by reason of such violation.

One point of defense on the trial was, that Texas and Cherokee cattle of Fowler & Earl had the opportunity, and might have communicated the disease to plaintiff's cattle; and the following instruction was given to the jury for the defendants:

"If the jury believe, from the evidence, that the cattle of defendants and the cattle called Fowler & Earl's, would communicate disease to native cattle when they (the native cattle) came in contact with the cattle of defendants, and of Fowler & Earl; and if the jury believe, from the evidence, that the cattle of plaintiff took a disease of which they died, either from the Fowler & Earl, or from the cattle of the defendants, and if the jury further believe that the testimony is equally balanced as to which of said cattle, defendants' or Fowler & Earl's, the plaintiff's cattle took the disease from, then the jury should find a verdict for the defendants."

There was evidence tending to show that the plaintiff's cattle contracted their disease by ranging over ground the cattle of defendants and of Fowler & Earl had previously passed over; and the jury might have believed that both lots of cattle contributed to infect the plaintiff's cattle with disease, without being able to say that either one lot was concerned in doing so more than the other; in which case, the instruction would seem to require them to find for the defendants, which would have been wrong. We think the instruction should, at least, have been modified so as to have been given to the jury only on the hypothesis, that the disease was communicated by the cattle of the one party solely, and not by the cattle of both.

For error in giving this instruction the judgment is reversed and the cause remanded.

*Judgment reversed.*