CYRUS NEWKIRK

*v.*

LEMUEL MILK *et al.*

</div>

1. TEXAS AND CHEROKEE CATTLE—*different owners—which liable for infection.* Where two separate lots of Texas or Cherokee cattle, owned and in the possession of separate owners in this State contrary to the statute of 1867, were each on the same feeding ground or section where the cattle of the plaintiff were being herded, and plaintiff's cattle became infected, from

which they died, the court, in a suit against the owners of one lot of these cattle, instructed the jury, that if plaintiff's cattle took the disease from either lot of the Texas cattle, and the testimony as to which lot communicated the disease was equally balanced, to find for defendants: *Held,* that the instruction was erroneous. If both lots of cattle contributed to infect plaintiff's cattle, so that it was impossible to say that one lot was more concerned in doing so than the other, it seems that the defendants were liable.

2. In such a case it is not error to refuse an instruction for the plaintiff that if the Texas or Cherokee cattle that were on the section where plaintiff's cattle run, infected plaintiff's cattle with disease, of which they died, then the defendants were liable, and could not be acquitted on the ground that the damages might have accrued from the acts of the owners of the other lot of cattle. If the disease was contracted from the other lot of cattle, defendants were not liable.

3. Neither was it error to refuse an instruction that if Texas or Cherokee cattle imparted the disease to plaintiff's cattle, without limiting it to defendants' cattle, the jury should find defendants guilty.

Appeal from the Circuit Court of Iroquois County; the Hon. Charles H. Wood, Judge, presiding.

This was an action on the case by the appellant against the appellees, to recover for damages sustained in the loss of cattle by infection from Texas cattle brought by appellees into this State.

Defendants pleaded the general issue. There was a trial, and verdict for appellees.

The following are the refused instructions asked by appellant referred to in the opinion:

1. "That if the jury believe, from the evidence, that the defendants, during the spring and summer of 1868, imported into this State Texas or Cherokee cattle, brought them to Loda, and drove them over section 25, the herding ground of Bosley; and that about the same time, Fowler & Earl, of Indiana, imported into this State Texas or Cherokee cattle, brought them to Paxton, and that several such cattle wandered over the same section 25; and if the jury believe further, from the evidence, that the Texas or Cherokee cattle that were on section 25 did impart a disease to the plaintiff's cattle, of which they died, then both the defendants, Fowler & Earl, would be

liable to the plaintiff for all damage sustained. They were all trespassers, and the defendants can not be acquitted on the ground that the damage might have accrued from the acts of a co-trespasser.

2. " If the jury believe, from the evidence, that the defendants, and Fowler & Earl, imported Texas or Cherokee cattle into Iroquois County, Illinois, and cattle belonging to the defendants, and also cattle belonging to Fowler & Earl, went over the herding ground where the plaintiff's cattle were, and Texas or Cherokee cattle did impart disease to plaintiff's cattle of which they died; and if the jury believe, from the evidence, that the cattle of defendants and those of Fowler & Earl had the power to impart the disease of which the plaintiff's cattle died, then the jury will find the defendants guilty."

The following is the fifth instruction given for the defendants:

5. " If the jury believe, from the evidence, that the cattle of defendants, and the cattle called Fowler & Earl's, would communicate disease to native cattle, when they, the native cattle, came in contact with the cattle of defendants and of Fowler & Earl; and if the jury believe, from the evidence, that the cattle of plaintiff took a disease of which they died, either from the cattle of Fowler & Earl or from the cattle of defendants; and if they further believe that the testimony is equally balanced as to which of said cattle, defendants' or Fowler & Earl's, they, plaintiff's cattle, took the disease from, then the jury should find a verdict for the defendants."

The proof showed that plaintiff's cattle were herded with Bosley's herd on section 25; that defendants drove their Texas cattle across and over this land; and that Fowler & Earl also brought a lot of the same kind of cattle into the same county to Paxton, and that some of them wandered over the same section where plaintiff's cattle were being herded.

Mr. URIAH COPP, JR., for the appellant.

Messsrs. BLADES & KAY, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

In this case the fifth of defendants' instructions given by the court is like that given in the case of *Frazee* v. *Milk*, 56 Ill. 435, which was held to be erroneous, and for the giving of which the judgment was reversed. That case is decisive of this. The first of plaintiff's refused instructions is too general. Under it, the jury would have been warranted in finding defendant guilty, although appellant's cattle may have contracted the disease of Fowler & Earl's cattle, which were also on the same feeding grounds. Appellees are not liable for the acts of Fowler & Earl unless jointly done, and this instruction asserts the opposite of this doctrine. That instruction was properly refused. The second refused instruction is still more general, as it asserts that appellant could recover, if Texas cattle imparted the disease to his cattle, without limiting it to appellees' or the cattle of any person. It only requires the jury to find that the cattle of Fowler & Earl and those of appellees passed over the feeding ground, and the cattle of appellant contracted the disease from Texas cattle, to entitle him to recover. It does not require the jury to find that the cattle of appellees communicated the disease, as it should have done. It was also properly refused.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*